In the Matter of the Claim of THOMAS LECAS, Respondent, against SCHRAMM'S ESSO STATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier appeal from a decision of Workmen's Compensation Board awarding compensation to claimant for 100% loss of the left eye. Appellants argue that the board's finding that the loss of vision is causally related to the accident of January 4, 1951, is contrary to and not supported by the substantial probative evidence in the record. Claimant worked days at the employer's service station and nights as a guard at Chase National Bank. On the day mentioned, as he was filling the tank of an automobile, the hose broke and the escaping gasoline struck him in the face and eyes. He went to the men's room of the station where he applied cold water to them. Later he consulted a physician who referred him to an eye specialist. The latter's examination disclosed a 20/60 vision in the right eye, and all claimant could then see with his left eye were objects through a pinhole. The board's finding that the breaking of the hose and the gasoline striking his left eye and face caused him to sustain accidental injuries in the nature of corneal abrasion, ruptured choroid, and hemorrhage of the retina, all of the left eye, with 100% loss of vision thereof is substantially supported by the evidence. There was testimony that in operating the hose claimant had his head close to the gasoline tank in order to see that it did not overflow and that the full pressure of the gasoline hit him in the face when the hose burst. In appellants' application for review it was stated that the Esso Corporation had advised that the hose pressure of gasoline in the tanks at retail pumps is twenty pounds and that the position valve to shut off the pump is set at thirty pounds. This statement was not controverted. There was substantial medical testimony that a severe blow to the eye, such as would result from the impact of a liquid pressure of from twenty to thirty pounds, would be sufficient to produce the injuries which caused claimant's loss of vision. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.